IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERIC MICHAEL CHILDS, ) | Civil Action No. 7:12-cv-00241 | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | MEMORANDUM OPINION | |
| ) | | |
| SOUTHWEST VIRGINIA REGIONAL ) | By:    Hon. Michael F. Urbanski | |
| JAIL AUTHORITY, ABINGDON ) |        United States District Judge | |
| FACILITY, ) | | |
|     Defendant. ) | | |

Eric Michael Childs, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names the "Southwest Virginia Regional Jail Authority, Abingdon Facility" as the sole defendant. Plaintiff complains about the medical care he received at the Abingdon Facility. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff's complaint simply states:

> I have been denied medical attention on several occasions. I had a severe lung infection in early May that I had to suffer through without antibiotics because Medical ignored my request forms. I seek no monetary relief. I seek to be transferred to a D.O.C. [f]acility. My civil rights are being violated here and I just wish to be transferred.

(Compl. 2.)

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims

based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The "Southwest Virginia Regional Jail Authority, Abingdon Facility" is not a "person" subject to § 1983.[1] See Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) (reasoning jails are not "persons" for § 1983 purposes). See also Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). Accordingly, plaintiff fails to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: June 4, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[1] If plaintiff intended to name the Southwestern Virginia Regional Jail Authority as a separate defendant, he fails to allege any facts against the Authority to find it liable for a policy, practice, or custom. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

3